**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

OCT **1 8** 2019

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

**TRACE PATE, Individually and on**
**Behalf of All Others Similarly Situated**

**PLAINTIFF**

vs.                    No. 3:19-cv-_280_ - DPM

**JONES LANDLEVELING, LLC,**                    **DEFENDANTS**
**TERRY JONES and JOHN DUCKWORTH**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Trace Pate ("Plaintiff"), by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants Jones Landleveling, LLC, Terry Jones and John Duckworth (collectively "Defendants"), he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs and a reasonable attorney's fee as a result of Defendants' failure to pay Plaintiff minimum and overtime wages as required by the FLSA and AMWA.

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Kearney_

## II.     JURISDICTION AND VENUE

2.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

5.      The acts alleged in this Complaint had their principal effect within the Jonesboro Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6.      Plaintiff is an individual and a resident and domiciliary of Arkansas.

7.      Defendant Jones Landleveling, LLC ("Jones Landleveling"), is a limited liability company registered in Arkansas, although its status is not current.

8.      Jones Landleveling's registered agent for service is Terry Jones at 1947 South Cypress Avenue, Piggott, Arkansas 72454.

9.      Defendant Terry Jones ("Jones") is an individual who resides in Arkansas.

10.      Jones co-owned and co-managed Jones Landleveling.

11.     Defendant John Duckworth ("Duckworth") is an individual who resides in Arkansas.

12.     Duckworth co-owned and co-managed Jones Landleveling.

13.     Jones and Duckworth managed and controlled the operation of Jones Landleveling and dictated the employment policies of Jones Landleveling, including but not limited to the decision to not pay Plaintiff a proper overtime wage.

14.     Duckworth also separately employed Plaintiff, once Jones Landleveling became defunct, under the fictious business name Duckworth Landleveling.

15.     Duckworth managed and controlled the operation of Duckworth Landleveling and dictated the employment policies of Duckworth Landleveling, including but not limited to the decision to not pay Plaintiff a proper overtime wage.

16.     At all times relevant hereto, Defendants had the power to hire and fire employees, and supervised and set wages and wage policies for employees.

17.     During the relevant time, Defendants had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, including, but not limited to, items such as hand tools, power tools, hard hats, as well as construction supplies such as piping, lumber and wiring.

18.    Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

19.    Defendants employed more than four employees within the State of Arkansas during each of the four years preceding the filing of this Complaint.

### IV.    FACTUAL ALLEGATIONS

20.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

21.    Defendants operate as "landlevelers" at construction sites to prepare the ground for building.

22.    Plaintiff worked as an hourly-paid employee for Defendants from May of 2018 until November of 2018 ("first tenure"), and then worked as an hourly-paid employee for Duckworth from March of 2019 until May of 2019 ("second tenure") (collectively, "both tenures").

23.    During the first tenure, Defendants directly hired Plaintiff to work at construction sites, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

24.    During the second tenure, Duckworth directly hired Plaintiff to work at construction sites, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

25.     At all relevant times, Plaintiff has been classified as non-exempt from the overtime provisions of the FLSA.

26.     During the first tenure, Plaintiff worked as a tractor driver for Defendants at Defendants' job site in Alabama.

27.     During the second tenure, Plaintiff worked as a tractor driver for Duckworth at Duckworth's job site in Mississippi.

28.     During both tenures, Plaintiff regularly worked thirteen hours a day, seven days a week with alternating weekends off, resulting in far more than forty hours worked each workweek.

29.     Defendants paid Plaintiff fifteen dollars per hour.

30.     Defendants failed to pay Plaintiff one and one-half times Plaintiff's regular rate of pay for all hours worked over forty in a workweek.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

31.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

32.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked over 40 in any week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

33.     Plaintiff proposes the following class under the FLSA:

**All hourly-paid employees who worked more than
forty hours in any workweek within the past three years.**

34.     In conformity with the requirements of FLSA Section 16(b), Plaintiff
has filed or will soon file a written Consent to Join this lawsuit.

35.     The relevant time period dates back three years from the date on
which Plaintiff's Original Complaint—Collective Action was filed herein and
continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a),
except as set forth herein below.

36.     The members of the proposed FLSA class are similarly situated in
that they share these traits:

A.     They were subject to Defendants' common policy of failing to pay for
all hours worked over forty (40) per week;

B.     They were subject to Defendants' common timekeeping system; and

C.     They had substantially similar job duties, requirements, and pay
provisions.

37.     Plaintiff is unable to state the exact number of the class but
believes that the class exceeds twenty (20) persons.

38.     Defendants can readily identify the members of the class, who are
a certain portion of the current and former employees of Defendants.

39.     The names and physical and mailing addresses of the probable
FLSA collective action plaintiffs are available from Defendants.

40.     The email addresses of many of the probable FLSA collective
action plaintiffs are available from Defendants.

## VI. FIRST CAUSE OF ACTION
### (Individual claim for Violation of the FLSA)

41.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43.     At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44.     At all times relevant to this Complaint, Defendants have acted, and continue to act, as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

46.     Defendants classified Plaintiff as non-exempt from the requirements of the FLSA.

47.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

48.     Defendants' failure to pay Plaintiff minimum and overtime wages owed was willful.

49.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint

### VII.     SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

50.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

51.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, et seq.

52.     At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

53.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

54.     Defendants classified Plaintiff as non-exempt from the requirements of the AMWA.

55.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

56.     Defendants' failure to pay Plaintiff overtime wages owed was willful.

57.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII.     THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of FLSA)

58.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

59.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, et seq.

60.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

61.     Defendants classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

62.     Defendants failed to pay Plaintiff and similarly situated employees one and one-half (1.5) times their regular rate for all hours worked over forty (40) per week.

63.     In the past three years, Defendants have employed more than twenty (20) hourly-paid employees.

64.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate

## IX.      PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Trace Pate respectfully requests this Court grant the following relief:

A.     Summon each Defendant to appear and answer herein;

B.     Enter declaratory judgment that the practices complained of herein are unlawful under Federal and Arkansas law;

C.     Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff is entitled;

D.     Award Plaintiff compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage for a period of three (3) years prior to this lawsuit through the date of trial;

E.     Award a judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29

C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff during the applicable statutory period;

F.      Award a judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

G.      An award to Plaintiff of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

H.      All such other and further relief to which this Court may find Plaintiff entitled.

Respectfully submitted,

**TRACE PATE, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**TRACE PATE, Individually and on**                                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                      No. 3:19-cv-____

**JONES LANDLEVELING, LLC,**                                    **DEFENDANTS**
**TERRY JONES and JOHN DUCKWORTH**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a salaried worker for Jones Landleveling, LLC, Terry Jones and John Duckworth within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

**TRACE PATE**

October 18, 2019

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**