# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

TRACE PATE, Individually and On Behalf of
All Others Similarly Situated                                    PLAINTIFF

v.                          No. 3:19-cv-280-DPM

JONES LANDLEVELING, LLC;
TERRY JONES; and JOHN DUCKWORTH                     DEFENDANTS

## ORDER

Pate worked for Jones Landleveling for a few months in 2018. He says he also worked for John Duckworth through Duckworth Landleveling for a few months in 2019. In both periods, Pate was paid hourly. Jones and Duckworth were co-owners and co-managers of Jones Landleveling. Pate says Jones Landleveling became defunct; thereafter, Pate worked for Duckworth—d/b/a Duckworth Landleveling. Pate argues that all the defendants employed him at all relevant times. These employers prepared sites for construction. Pate drove a tractor. He also welded, operated machinery, and performed other manual labor. Pate says he and his coworkers, who had similar job duties, often were not paid for earned overtime. He seeks to conditionally certify one group of hourly paid workers going back three years.

The defendants respond that they paid Pate for hundreds of hours of overtime. They argue they cannot be joined into one action because Jones Landleveling and Duckworth Landleveling are separate employers. They ask the Court to defer a ruling on conditional certification until Pate responds to pending discovery. The Court declines that request because the pleadings and affidavits present a sufficient record.

Pate's motion, *Doc. 7*, is granted as modified. The Court is not persuaded that all the defendants were Pate's employers at all times. Pate argues a complete overlap, but candidly admits that this argument is based on an assumption. *Doc. 11 at 3*. Duckworth is the common denominator. How much Jones and Jones Landleveling were involved in Duckworth Landleveling is too murky at this point to support one group. So, there will be two, with Pate as the representative plaintiff for each. Discovery will clarify whether all the defendants employed Pate and others during all the relevant periods. 29 U.S.C. § 203(a) & (d); ARK. CODE ANN. § 11-4-203(4)(A); *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*, 683 F.3d 462, 468 (3d Cir. 2012).

Pate has met the lenient applicable standard of showing that each proposed group's members are similarly situated to one another. *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *3 (E.D. Ark. 15 Dec. 2009). He's made the modest factual showing—through the pleadings and his affidavit—that the same kind of wage violation

allegedly harmed all members of the proposed groups. *Garrison v. ConAgra Foods Packaged Food, LLC*, 2013 WL 1247649, at *2 (E.D. Ark. 27 March 2013). Within each group, the employees had similar job duties and were subject to uniform pay policies. The Court therefore conditionally certifies these groups:

> All hourly paid employees of Terry Jones, Jones Landleveling, LLC, or John Duckworth through Jones Landleveling since 18 October 2016.

> All hourly paid employees of John Duckworth through Duckworth Landleveling since 18 October 2016.

Please make some changes to the proposed notice and consent. Create two sets, one for each group. In all those forms, *Doc. 7-1, 7-2 & 7-4*, change any instance of "and/or" to "or." And in the notice, *Doc. 7-1*, delete section (11) about severance agreements. The defendants need not post notice in any of their facilities. Notice to group members by U.S. mail or text (at group counsel's election) is fine. There's no need for notice by email, too. One follow-up by postcard or text is fine. If notice is sent by mail, do not enclose the pleadings. The defendants do not have to provide email addresses, but they must provide all the other contact information by 24 April 2020. The opt-in period will close on 24 July 2020.

The Court directs the parties to conduct discovery on the management and entity-relationship issues while doing their

collective-action discovery. The groups can be adjusted to conform to the record at the final-certification stage.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 April 2020