## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

TRACE PATE; EVAN WYNN;
and DONALD GRIDER                                          PLAINTIFFS

v.                          No. 3:19-cv-280-DPM

JONES LANDLEVELING, LLC;
TERRY JONES; and JOHN DUCKWORTH          DEFENDANTS

### ORDER

The Court appreciates the parties' post-trial briefs on the Pate issues and attorney's fees. The Court applied the methodology suggested by Plaintiffs' counsel in calculating damages for Grider and Wynn to Pate. The employers are entitled to credit for bonuses and advances, which were part of compensation. *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740–43 (5th Cir. 2010). This was agreed. The employers' credit for Pate is $2,825.89. *Doc. 65–3 at 1.* (The loans from Duckworth came later and are not factored in.) The Court awarded Pate $2,250 – 100 hours at his highest overtime rate of $22.50. So the net to Pate is negative $575.89. This is not the typical offset case where, for example, the employer seeks to assert a counterclaim for conversion or some such. This calculation is about being fair and accurate in terms of what the employers paid, and Pate received, in compensation for work.

Whether Pate is entitled to an award of attorney's fees and costs turns on whether he is a prevailing party. He must show relief on the merits that "materially alters the legal relationship between the parties . . . ." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). At the end of the bench trial, the Court determined that the defendants prevailed because each employee received an amount of credits that exceeded the amount of unpaid wages that they would be entitled to recover. And the Court declined to award the employees liquidated damages. While the complaint also seeks a declaratory judgment that the defendants' practices violated the FLSA and the AMWA, *Doc. 1 at 10–11*, that claim is not a sufficient basis to award attorney's fees and costs. A declaratory judgment constitutes relief if and only if it affects the behavior of the defendants toward the plaintiff. *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (*per curiam*); *Sierra Club v. City of Little Rock*, 351 F.3d 840, 845 (8th Cir. 2003). It is undisputed that Pate (like Grider and Wynn) is no longer employed by the defendants. Like them, he has a net recovery of zero. In these circumstances, Pate is not a prevailing party and therefore is not entitled to attorney's fees and costs.

Judgment will issue.

So Ordered.

_D.P. Marshall Jr._
United States District Judge

29 March 2023